(No. 1364—

SANGAMO OIL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

SANGAMO OIL COMPANY, pro se.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant's demand is for the refund of $269.30 tax alleged to have been paid by it to the Department of Finance upon gasoline that was not taxable.

In the month of September, 1927, claimant purchased 24,095 gallons of gasoline to be sold at its plants, but on account of a "gas war" in its territory it stored said gasoline until the month of February, 1928. On October 10, 1927, claimant made its motor fuel tax report, under oath, to the Department of Finance showing the amount of gasoline purchased, distributed, sold and used during the month of September previous. This report shows: number of gallons received during the month, 24,095; number of gallons sold during the month, 24,095; total gallons on which tax is due, 24,095; allowance for evaporation and other losses, 723 gallons; net gallons subject to tax, 23,372; total tax @ 2 cents per gallon, $467.44. The report is sworn to by W. H. Jones, president of the company, the oath reciting "I swear that the foregoing is a true return of the amount of motor fuel produced, received, used, sold and distributed by the aforesaid distributor during the month stated." The report also recites that the gasoline sold was delivered by truck to customers at Bethany, La Place and Cisco. Then follows this statement:

"24095 gallons placed in storage until termination of gasoline war in Decatur. Tax is being paid on this gallonage at this time, and during this war we have made arrangements to purchase our gasoline from the Standard Oil Co. and pay them the State tax."

The report was sent to the Department of Finance with a check for $467.44 in payment of the tax reported due.

Prior to February 24, 1928, claimant sold at retail 10,213 gallons of the gasoline it had stored, leaving 13,882 gallons not sold at the time the gasoline tax was held unconstitutional by the Supreme Court. The foregoing statement is made from the allegations contained in the declaration, no evidence having been introduced by either claimant or the State.

Claimant alleges that it "inadvertently" reported said 24,095 gallons of gasoline sold when it was in fact in storage, and claims it is entitled to a refund of $269.30, the amount of tax paid on the 13,882 gallons remaining in storage on February 24, 1928.

No plea to the declaration has been filed by the State and, under the rules of this court, the case must be treated as if a general traverse were on file. As stated above, there is

no evidence before the court to support the allegations of the declaration. But we think it is clear from the declaration itself that claimant is not entitled to the refund demanded. It is a well established principle of law that one who voluntarily pays money to another cannot maintain an action for its recovery. It clearly appears, we think, that the tax was voluntarily paid. It was paid to comply with the provisions of the Motor Fuel Tax Act, approved June 29, 1927. If claimant thought that law required the payment of a tax on gasoline held in storage and made the payment in that belief, such fact would not entitle it to recover, for it is well settled law in this State that an action to recover money paid under a mistake of law cannot be maintained. It is equally well settled that money paid under a mistake of facts cannot be recovered unless the mistake was mutual. This tax was not paid under a mutual mistake as to the facts. Claimant knew whether or not it had sold the gasoline, the Department of Finance did not. Claimant elected to treat it as having been sold, and so reported to the Department under oath, and it will not now be permitted to say its report was false in order to recover money it might not have been required to pay had its report been true.

The fact that the Motor Fuel Tax Act was held to be unconstitutional after claimant paid its tax does not give claimant the right to recover the tax paid. One who voluntarily pays a tax cannot maintain an action for its recovery although the law imposing the tax be afterwards held void.

Under no view of the case is claimant entitled to recover and the cause is therefore dismissed.